UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NIKCI BOYD,<br><br>         Plaintiff,<br> v.<br><br>PUBLIC DEFENDER OFFICE,<br><br>         Defendant. | Case No. 2:13-cv-01849-APG-PAL<br><br>REPORT OF FINDINGS AND RECOMMENDATION<br><br>(IFP App – Dkt. #9) |

   This matter is before the court on Plaintiff Nikci Boyd's Response (Dkt. #8) and Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #9), both filed September 3, 2014. The court has considered the Response and Application.

   Boyd is a prisoner proceeding in this action pro se. On October 10, 2014, she filed an Application to Proceed In Forma Pauperis (Dkt. #1). The court entered an Order (Dkt. #4) on March 31, 2014, denying the Application without prejudice because Boyd failed to submit (a) a certified copy of her inmate trust account statement for the six months immediately preceding filing this case; and (b) a financial affidavit certified by the institution where Boyd was incarcerated as required by 28 U.S.C. § 1915(a). The court allowed Boyd an opportunity to file a completed application with the required financial information. The court warned Boyd that failure to comply with the Order could result in a recommendation to the district judge that this case be dismissed.

   The Clerk of Court mailed the Order, and on April 8, 2014, it was returned as undeliverable. *See* Mail Returned Undeliverable (Dkt. #5). On July 15, 2014, the court entered an Order to Show Cause (Dkt. #6) directing Boyd to show cause in writing no later than August

///

1

1    11, 2014, why this case should not be dismissed for her failure to comply with LSR 2-2 and the
2    court's Order.
3          On September 3, 2014, Boyd filed the Response, which indicates that her address was
4    correct, but she never received the mail, and she does not know why.  She represents she was
5    transferred to the Clark County Detention Center and she will keep the court informed of her
6    address going forward.  She states she did not receive the Order to Show Cause until August 25,
7    2014, and requests an extension of time to respond because of late notice.  Additionally, she
8    states she was injured, had sutures, and a severe allergic reaction to medication she was given.
9    The court is satisfied with Boyd's explanations for her late response and finds sanctions are not
10   warranted.
11         Additionally, Boyd has also filed a new Application to Proceed In Forma Pauperis (Dkt.
12   #9).  However, this Application is also incomplete.  Boyd has still not submitted a certified copy
13   of her inmate trust account statement for the six months preceding this case, nor has she included
14   a financial affidavit certified by the Clark County Detention Center.  Although Boyd has
15   included a printout from the Clark NV Commissary indicating she has a zero balance, this does
16   not satisfy the requirements of 28 U.S.C. § 1915(a).
17         Boyd has failed to comply with the court's instructions and has not filed a completed
18   application to proceed in forma pauperis.  In addition, the court has reviewed her complaint
19   which seeks to sue the "Public Defender's Office All the Attorneys."  The caption alleges claims
20   for legal malpractice, intentional negligence, coercion, duress, and personal injury.  The
21   complaint does not allege any specific facts, is difficult to follow, and is illegible in parts.  Boyd
22   asserts that attorneys should not cause "severe duress by willful negligence that would cause
23   personal injury on their client by their harassment or negligence to protect them."  It appears she
24   is dissatisfied with representation she received from a public defender who took some action
25   without informing her.
26         As a general matter, federal courts are courts of limited jurisdiction and possess only that
27   power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).
28   Boyd has not alleged a basis to assert federal jurisdiction in this case.  No federal question

2

jurisdiction pursuant to 28 U.S.C. § 1331 exists.  There is also no basis for asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 as Boyd lives in Nevada and is attempting to sue Nevada attorneys employed by the Public Defender's Office..  Because Boyd has twice failed to file a completed application to proceed in forma pauperis, and because  Boyd's complaint does not state a federal claim, and amendment would not cure these defects, the court will recommend that her Application be denied.

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #9) be DENIED with prejudice for failure to comply with the court's Order (Dkt. #4) and failure to comply with the requirements of 28 U.S.C. § 1915(a), applicable to prisoners seeking leave to proceed in forma pauperis.

Dated this 15th day of September, 2014.

_____  
PEGGY A. LEEN  
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.